## LEANDER S. LIBBEY *versus* INHABITANTS OF GREENBUSH.

In a suit against a town for the loss of a horse occasioned by a defect in a causeway or road which the town was bound to repair—proof that the horse was in usual health on the day of and up to the time of the accident; that he fell through a causeway, owing to a defect in the same; that the injury was such as might cause death; that the horse immediately after was sick and died— is not *prima facie* evidence that the death was caused by the injury then received, and does not throw the burthen on the defendants to show the existence of any disease or other cause, by which death was occasioned.

So long as there is any doubt as to the cause of death in such case, whether by disease or by the injury, the plaintiff is not entitled to recover.

EXCEPTIONS from the District Court.

This was a special action on the case to recover of the defendants for the loss of a horse belonging to him, occasioned by a defect in a road in the town of Greenbush, which the defendants were by law bound to keep in good repair.

The liability of the defendants to keep the road, where the accident happened, in good repair, was not denied. The plaintiff proved by Daniel Libbey that the horse at some time before had in one instance been sick; but that previously to and on the day of the accident, he was, to appearance, well; that prior to and on the day when the accident happened, he had performed the labor of a well horse, and there had been no symptoms of disease; that in Olammon, the bridge over the stream, there was a hole in the causeway in the travelled path of the road; that the day previous, in driving with a loaded double wagon from Stillwater to Passadumkeag, he had passed by it on one side without injury; that on his return, he drove, as he supposed, far enough on the other side to avoid it; that when the horse was opposite the hole, he broke through the earth and slabs and fell on his breast in the road; that the other horse and the force of the wagon dragged this horse his length in the road; that he extricated the horse and drove on a short distance and stopped; that the horse had not the free use of his fore legs; that he was swollen from his breast to his joles, and was so much injured that he left him; that he could not eat, and in four days after the horse died.

It was further proved that the road was in an unsafe and dangerous condition, and that the inhabitants had been duly notified thereof.

On the part of the defendants there was evidence proving that the horse had previously been sick, and that he had not recovered; and that the appearance of the horse, upon dissection, shew that he had died of disease.

Upon this evidence, the counsel for the plaintiff requested the Court to instruct the jury, that if the horse was in usual health on the day, and up to the time, of the accident, and if the injury was such as might cause death, and the horse immediately after was sick and unable to eat, and died consequent upon the accident, then, *prima facie*, the death was occasioned by the injury thus received, and the burthen of proof was on the defendants to show the existence of some disease by which the death was occasioned; but CHANDLER J. who presided at the trial, declined giving this instruction, but instructed the jury, that it was a fact for them to consider and determine, whether the horse died from any injury he might have received at said causeway, or from sickness, or other cause, which might have befallen him in any other way.

The jury returned a verdict in favor of the defendants, and the counsel for the plaintiff filed exceptions to the ruling of the Court.

*J. Appleton*, for the plaintiff. The facts assumed in the requested instruction were proved to exist by evidence on the part of the plaintiff. Whether they were disproved or not, is not the question for consideration. The facts assumed, being proved, had not the plaintiff a right to the requested instruction? Do they not show a *prima facie* case? Would not the plaintiff, in the absence of all counter testimony, upon the proof of those facts, be entitled to a verdict? *Prima facie* evidence of a fact is such as in judgment of law is sufficient to entitle the plaintiff to recover, unless rebutted. *Kelley* v. *Jackson*, 6 Pet. 623. In the case of a blow given to a man, whether sick or well, sufficient to cause death, and where death ensues, the burthen is thrown on the party giving the blow to

prove the existence of some other cause which produced that result. Had the facts assumed been proved without any counter testimony, would it not be the duty of a court to give the instructions requested? If a fire happens in a house occupied by a tenant, *prima facie* the fault is his, and the burthen is upon him to show that it happened by accident, by communication from an adjoining house, by the fault of construction, or some cause for which he should not be held responsible. Gabriel Traite des Preuves, 385. So death occasioned by another is, *prima facie*, murder; and the burthen is on him to show the offence of a more mitigated character. *Rex* v. *Germain*, 34 E. C. L. R. 280. The mere fact that a carriage was upset, is *prima facie* proof of negligence, and throws the burthen of proof on the driver to exculpate himself. *Stokes* v. *Saltonstall*, 13 Pet. 185; *Chester* v. *Griggs*, 2 Cowp. 80; *Murphy* v. *Slater*, 3 Mumf. 239; *Worster* v. *Canal Bridge*, 16 Pick. 549; *Loomis* v. *Greene*, 7 Greenl. 386.

If the facts assumed in the requested instruction constitute a *prima facie* case, then it was erroneously withheld. The defendants should then have been the actors, and affirmatively established such facts as they relied upon by way of defence. In a nicely balanced case, the question of what constitutes a *prima facie* case, is a matter of importance, and an erroneous ruling is good cause for a new trial. *Barrett* v. *Brooks*, 7 Pick. 98; 1 Stark. Ev. 451; *Smith* v. *Lorillard*, 10 Johns. 347; Gabriel, 422.

The instruction given was but the mere statement of the fact in dispute. It afforded no rule for the guidance of the jury.

*A. G. Jewett,* for the defendants, contended that the instructions given were more favorable than the plaintiff was legally entitled to have; that it was a question of fact for the jury to determine whether an injury had been done; and if so, whether it arose from the default of the defendants; that the facts were for the jury, and that their verdict had established that the plaintiff had sustained no loss through their default. In the

case of *Stokes* v. *Saltonstall*, 13 Pet. 185, the injury for which compensation was sought, was admitted; here it was denied. The loss was asserted to have happened from disease and the jury have found such to be the fact.

The opinion of the Court was by

SHEPLEY J. — To enable the plaintiff to recover by virtue of the provisions of the statute, c. 118, § 17, he must prove an injury, and that it was occasioned by a defect or want of necessary repair of the highway. The principal difficulty consisted in proving the injury. The plaintiff contended, that the death of the horse was occasioned, or *hastened by his breaking* through the covering and falling in the highway; while the defendants contended, that it was occasioned by disease. The plaintiff had not fully established his right to recover so long as this question was left in doubt. In the case of *Stokes* v. *Saltonstall*, 13 Peters, 181, the plaintiff had proved conclusively, that the coach was overturned, and that the person had suffered an injury from it; and the Court considered, that the legal presumption would be, that it was occasioned by the negligence of the driver. But it would not be a legal or safe presumption, that every horse that broke through the covering of a road was killed or injured by it.

*Exceptions overruled.*